[No. 54898-1-I.   Division One.   December 19, 2005.]

*In the Matter of the Transfer of Territory.*

KENNETH P. VAN EYK ET AL., *Appellants*, v. SNOQUALMIE VALLEY SCHOOL DISTRICT No. 410, *Respondent*.

---

*Michele G. Radosevich*; and *Wright A. Noel* (of *The Noel Law Firm, P.L.L.C.*), for appellants.

*Susan D. Jones* and *Sarah C. Johnson* (of *Preston Gates & Ellis, L.L.P.*), for respondent.

*David A. Alskog* and *Kevin B. Hansen* on behalf of Riverview School District, amicus curiae.

¶1 BECKER, J. — Snoqualmie Valley and Lake Washington School Districts denied a citizen petition to transfer territory between the districts. The citizens then obtained a hearing on their petition from a regional committee, where it was approved. Snoqualmie Valley successfully appealed to the State Board of Education (Board). The Board re-

versed and ruled that the districts' joint decision to deny the petition was controlling. The Board concluded that the regional committee lacked authority to hear a citizen petition when the districts have come to agreement that the petition should be denied. We affirm the decision of the Board.

¶2 Appellant Kenneth Van Eyk lives on the Sammamish plateau in a newly developed subdivision. His part of the subdivision is within the boundaries of the Snoqualmie Valley School District. The rest of the subdivision is in the Lake Washington School District. Van Eyk and some of his neighbors filed a petition with the Puget Sound Educational Service District in February 2003. They asked to have their portion of the subdivision transferred to the Lake Washington School District. The Lake Washington schools are closer to where appellants live, and many of their children already attend Lake Washington schools on variances.

¶3 As required by statute, the two affected school districts met to negotiate over the proposed transfer. After discussing their concerns about the impact of the proposed transfer, both boards voted in July 2003 to reject the petition and to leave the boundary unchanged.

¶4 At that time, a citizen's guide published by the State Board of Education and the Office of the Superintendent of Public Instruction stated that if citizens initiate a petition to change a boundary and the districts agree to deny it, then "the district in which the citizen petitioners reside *must* file a written request for a hearing by the Regional Committee."[1] The regional committee is a statutory entity authorized under certain circumstances to hear and approve or disapprove proposals for changing the boundaries of school districts. RCW 28A.315.095.

¶5 Complying with the Board's guideline, Snoqualmie Valley filed a written request for a hearing by the appropriate regional committee. Upon receiving the request, the regional committee held a hearing on October 8, 2003. The

---

[1] Clerk's Papers at 298.

committee voted to approve the transfer of territory to Lake Washington, notwithstanding the districts' joint decision to deny the petition.

¶6 As allowed by statute, Snoqualmie Valley appealed the regional committee's ruling to the Board. The Board reversed the ruling of the regional committee. The Board decided that its published guideline was incorrect and that a regional committee may not hear a petition for transfer of territory when the affected districts have both agreed that their boundary should remain as is.

¶7 Van Eyk appealed to the King County Superior Court. The court affirmed the Board's new interpretation of the relevant statute and entered judgment in favor of the Snoqualmie Valley District. Van Eyk now appeals that judgment in this court.

¶8 School district boundary changes are governed by chapter 28A.315 RCW. Upon receiving a petition by citizens asking for territory to be transferred from one district to another, school districts are to try to reach negotiated agreements. RCW 28A.315.195(5). The districts have 90 days to agree to the proposed transfer of territory. RCW 28A.315.195(5)(c).

¶9 The present dispute arises from a statutory subsection that refers the petition to a regional required committee if the affected school districts "cannot come to agreement about the proposed transfer":

> If the affected school districts cannot come to agreement about the proposed transfer of territory initiated by citizen petition, and the districts do not request the services of a mediator or the mediator was unable to bring the districts to agreement, the district in which the citizens who filed the petition reside shall file with the educational service district superintendent a written request for a hearing by the regional committee, unless a majority of the citizen petitioners request otherwise.

RCW 28A.315.195(8). The regional committee must then hold a hearing and issue a written decision to approve or disapprove the transfer of territory. RCW 28A.315.205(2).

¶10 Van Eyk argues that RCW 28A.315.195(8) is ambiguous. He contends that the statute, properly construed in light of legislative history, authorizes a hearing and decision by a regional committee whenever the districts do not agree to the citizens' request. According to Van Eyk, the legislature wanted to assure a full administrative hearing for any citizen petition rather than giving the affected districts the power to maintain the status quo simply by agreeing to say no.

¶11 The meaning of a statute is a question of law reviewed de novo. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). In determining the meaning of a statute, the court's fundamental objective is to ascertain and carry out the legislature's intent. If the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent. *Campbell & Gwinn*, 146 Wn.2d at 10.

¶12 Our Supreme Court's preferred approach to statutory interpretation is to discern the plain meaning of a statute not from each word considered in isolation but rather in context, from "all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Campbell & Gwinn*, 146 Wn.2d at 11. The statute is ambiguous if, after this inquiry, it remains susceptible to more than one reasonable meaning. Only at that point is it appropriate to resort to aids to construction, including legislative history. *Campbell & Gwinn*, 146 Wn.2d at 12. This approach ensures that the court will give appropriate deference to a statute. A court should not be hasty in finding an ambiguity because the result may be a construction of the statute that does not accurately reflect legislative intent.

¶13 The purpose of chapter 28A.315 RCW is to incorporate into "a single, comprehensive, school district organization law" all essential provisions governing, among other things, the "alteration of the boundaries of existing districts." RCW 28A.315.015(1)(a)(ii). These provisions are

intended to establish "methods and procedures whereby changes in the school district system may be brought about by the people concerned and affected." RCW 28A-.315.015(1)(b). "It is the state's policy that decisions on proposed changes in school district organization should be made, whenever possible, by negotiated agreement between the affected school districts. If the districts cannot agree, the decision shall be made by the regional committees on school district organization." RCW 28A.315.015(2).

¶14 RCW 28A.315.195(8) assigns a decision-making role to the regional committee only in the event the affected school districts "cannot come to agreement about" the proposed transfer. This language is consistent with the expressed policy preference for having the affected school districts reach agreement between themselves.

¶15 Van Eyk contends the statute is ambiguous because it does not explicitly set forth what must happen if the affected districts agree to deny the petition. The lack of an explicit statement does not necessarily create an ambiguity. To hold that a statute is ambiguous if it does not elaborate every possible outcome would invite wordy and tedious legislation. Here, by providing for a regional committee hearing if the districts are in disagreement, the legislature plainly and unambiguously manifested its intention to let the matter end without the involvement of a regional committee if the districts do agree. The statute is not susceptible to being read as allowing the regional committees to overrule an agreed decision by the districts to deny a citizen petition.

¶16 In short, we need not resort to aids to statutory construction to construe the statute's meaning. *Campbell & Gwinn*, 146 Wn.2d at 12. The meaning of the statute is plain. If the affected school districts agree to deny the petition, the regional committee does not have authority to hear the petition. The Board's former interpretation was wrong, and its current interpretation is right.

¶17 Van Eyk contends that even if the Board's current interpretation of the statute is right, the Board is

estopped from applying it in this case because he and his fellow citizens brought their petition in reliance on the Board's former interpretation.

¶18 Estoppel requires an admission, statement, or act inconsistent with the claim afterwards asserted; reasonable reliance on that admission, statement, or act by the other party; and injury to the relying party if the court permits the first party to contradict or repudiate the admission, statement, or act. *Paxton v. City of Bellingham*, 129 Wn. App. 439, 448, 119 P.3d 373 (2005). Equitable estoppel against the government is not favored. *Campbell & Gwinn*, 146 Wn.2d at 20. Where the representations allegedly relied upon are matters of law, rather than fact, equitable estoppel will not be applied. *Paxton*, 129 Wn. App at 448; *Dep't of Ecology v. Theodoratus*, 135 Wn.2d 582, 599, 957 P.2d 1241 (1998). Nor will estoppel be applied to frustrate the clear purpose of state laws. *Hitchcock v. Ret. Sys.*, 39 Wn. App. 67, 73, 692 P.2d 834 (1984).

¶19 Statutory interpretation involves an issue of law, not an issue of fact. *Campbell & Gwinn*, 146 Wn.2d at 20. The Board's earlier interpretation of the statute was legally incorrect. The doctrine of equitable estoppel does not prevent the Board from applying the correct interpretation in the present case.

¶20 As the Board correctly decided, the regional committee lacked authority to hear Van Eyk's petition. The agreement reached by the two school districts is dispositive.

¶21 The judgment in favor of respondent Snoqualmie Valley School District is affirmed.

BAKER and SCHINDLER, JJ., concur.