[No. 27504-3-III.    Division Three.    September 1, 2009.]

JEFFERY W. NICCUM, *Respondent*, v. RYAN L. ENQUIST, *Appellant*.

*David L. Force* (of *Carlson McMahon & Sealby, PLLC*); and *Marilee C. Erickson* and *Michael N. Budelsky* (of *Reed McClure*), for appellant.

*Jerry T. Dyreson*, for respondent.

¶1 KULIK, J. — The question presented here is whether the trial court erred by subtracting costs and attorney fees from an offer of compromise made after an arbitration award when determining an award of attorney fees under MAR 7.3 following a trial de novo. We conclude the trial court properly subtracted costs and fees before comparing the offer of compromise and the verdict. Thus, we affirm the trial court.

## FACTS

¶2 Jeffery Niccum filed suit against Ryan Enquist to recover for injuries sustained in an automobile accident. At

mandatory arbitration, the arbitrator awarded the plaintiff, Mr. Niccum, $24,496—this included $6,896 for medical bills, $7,600 for wage loss, and $10,000 for pain and suffering.

¶3 The defendant, Mr. Enquist, requested a trial de novo. Mr. Niccum presented Mr. Enquist with the first offer of compromise. The first offer stated:

> COMES NOW Plaintiff, by and through his attorney, JERRY T. DYRESON, and pursuant to RCW 7.06.050 does hereby offer to compromise his claim in the amount of $22,000.00. Such compromise is intended to replace the arbitrator's award of $24,496.00 with an award of $22,000.00.

Clerk's Papers (CP) at 11. Mr. Enquist did not accept this offer.

¶4 On July 8, Mr. Niccum presented Mr. Enquist with a second offer of compromise. The second offer stated:

> COMES NOW Plaintiff, by and through his attorney, JERRY T. DYRESON, and pursuant to RCW 7.06.050 does hereby offer to compromise his claim in the amount of $17,350.00. Such compromise is *intended to replace the arbitrator's award of $24,496.00 and replace the previous offer of compromise, with an award of $17,350.00 including costs and statutory attorney fees.*

CP at 12 (emphasis added). Mr. Enquist did not accept this offer.

¶5 The case proceeded to a jury trial. The jury returned a verdict of $16,650 in favor of Mr. Niccum. The jury verdict stated:

We, the jury, find for the Plaintiff in the following sums:

| | |
|---|---|
| (1) for past medical expenses | $6,650.00 |
| (2) for past lost wages | $0 |
| (3) for past noneconomic damages | $10,000 |

CP at 6.

¶6 Mr. Niccum sought fees under MAR 7.3, arguing that Mr. Enquist had failed to improve his position at trial. Mr. Niccum sought $15,640.00 in attorney fees and $1,016.28 in

costs. Mr. Niccum also sought $1,461.00 in fees for the testimony of his expert witnesses.

¶7 The trial court determined that Mr. Enquist had not improved his position at trial. To make this determination, the court subtracted $1,061.28 in costs allowable under chapter 4.84 RCW from the second offer of $17,350.00 for a total of $16,288.72.[1] This amount was then compared to the $16,650.00 jury award to determine that Mr. Enquist had not improved his position at trial. Applying MAR 7.3, the court awarded Mr. Niccum $15,640.00 in reasonable attorney fees and $1,461.00 in expert witness fees incurred after arbitration. Mr. Enquist appeals.

## ANALYSIS

¶8 *Fees and Costs Under MAR 7.3*. We review the application of a statute or a court rule de novo. *Basin Paving Co. v. Contractors Bonding & Ins. Co.*, 123 Wn. App. 410, 414, 98 P.3d 109 (2004); *Mee Soon Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544 (1999). Here, we consider MAR 7.3 and the mandatory arbitration statute, RCW 7.06.050.

¶9 Mr. Enquist asserts that the court erred by subtracting $1,016.28 in statutory costs to obtain a figure purportedly comparable to the amount of damages in the second offer of compromise. According to Mr. Enquist's calculations, $17,350.00, the entire amount of the second offer, replaced the first offer, which replaced the arbitrator's award. Thus, Mr. Enquist argues that he improved his position at trial by obtaining a lesser amount of $16,650.00; therefore, Mr. Niccum was not entitled to attorney fees under MAR 7.3.

¶10 In contrast, Mr. Niccum argues that the court is required to "compare comparables" under MAR 7.3, so the court properly reduced the amount of the second offer of compromise by the amount of the statutory fees.

---

[1] There appears to be a mathematical error in the record. However, neither party raises the error, nor does it impact the overall award.

¶11 RCW 7.06.050(1) reads in part as follows:

(a) Up to thirty days prior to the actual date of a trial de novo, a nonappealing party may serve upon the appealing party a written offer of compromise.

(b) In any case in which an offer of compromise is not accepted by the appealing party within ten calendar days after service thereof, for purposes of MAR 7.3, *the amount of the offer of compromise shall replace the amount of the arbitrator's award* for determining whether the party appealing the arbitrator's award has failed to improve that party's position on the trial de novo.

(Emphasis added.)

¶12 MAR 7.3 provides in part:

The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo.

¶13 A court's objective in construing a statute is to determine the intent of the legislature. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). To determine legislative intent, we look to the plain meaning of the applicable statute, which is derived from the language of the statute. *State v. Westling*, 145 Wn.2d 607, 610, 40 P.3d 669 (2002). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

¶14 According to Mr. Enquist, RCW 7.06.050(1)(b) should be read so that the entire amount of the second offer replaces the first offer which replaced the arbitrator's award, even though the second offer states that it includes costs and statutory attorney fees. Mr. Niccum points out that a provision in the second offer states that the new offer will "replace the previous offer of compromise, with an award of $17,350.00 including costs and statutory attorney fees." CP at 12.

¶15 We conclude that RCW 7.06.050(1)(b) should be read so that any segregated amount of an offer must replace an

amount in the same category granted under the arbitrator's award. We apply the *Tran* analysis for determining attorney fees under MAR 7.3 to the interpretation of RCW 7.06.050(1)(b). *Mei Tran v. Yue Han Yu*, 118 Wn. App. 607, 612, 75 P.3d 970 (2003).

¶16 In *Tran*, the court considered whether Ms. Yu failed to improve her position at trial when the compensatory damages awarded at trial were less than those awarded at arbitration, but the judgment was higher because of the court's award of statutory costs and CR 37 sanctions. Based on case law and a logical interpretation of MAR 7.3, the court concluded that a court should "compare comparables" to determine whether a party failed to improve its position. *Id.* As applied in *Tran*, this meant that the court would compare the compensatory damages awarded by the arbitrator with the compensatory damages awarded at trial. *Id.* The court would not include awards for statutory costs and CR 37 sanctions. In fact, the court noted that a party would invariably improve its position if costs such as attorney fees, and interest were taken into account. *Id.*

¶17 *Tran* determined that the statutory costs and CR 37 sanctions should not be considered when making a MAR 7.3 determination because these costs were not before the arbitrator and were not "comparable" to the compensatory damages awarded by the arbitrator. *Id.* at 616. *Tran*'s analysis is applicable here. Thus, we conclude that the trial court correctly considered comparables in the offer of compromise and the jury verdict, and properly subtracted costs and fees.

¶18 The jury award to Mr. Niccum of $16,650.00 was greater than the offer of compromise of $16,288.72. Mr. Enquist would have owed less to Mr. Niccum had he accepted the offer of compromise. He did not improve his position at trial. Mr. Niccum is, therefore, entitled to costs and attorney fees.

¶19 We affirm the trial court's award of $15,640 for reasonable attorney fees to Mr. Niccum. Mr. Niccum is

502

entitled to costs and attorney fees, plus expert witness expenses pursuant to RCW 7.06.060(1) and (2).

SCHULTHEIS, C.J., and BROWN, J., concur.

Respondent's motion for reconsideration granted, appellant's motion for reconsideration denied, and opinion modified November 5, 2009.

Review granted at 168 Wn.2d 1022 (2010).