742

[No. 67102-2-I.   Division One.   July 30, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. K.R., *Appellant*.

*Dana M. Nelson* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Bridgette E. Maryman, Deputy*, for respondent.

¶1 BECKER, J. — This case involves the "unit of prosecution" aspect of double jeopardy. KR, a juvenile, was con-

victed of two counts of third degree malicious mischief for damaging property belonging to the Kent Police Department. One count was for carving an "S" into the wall of a holding cell, and the second was for damaging a door handle of a police car perhaps an hour later. We conclude the two convictions do not violate the prohibition against double jeopardy.

¶2 Kent police received a report of a disorderly person at a shopping center on the evening of November 14, 2010. The responding officers encountered 17-year-old KR, who was intoxicated and combative. They took him into custody.

¶3 The officers learned there was an active warrant for KR from Grant County. Unable to obtain from KR any contact information for a parent, the officers put him in a holding cell at the police station. The officers made arrangements to transfer KR to the custody of Grant County authorities at Snoqualmie Pass. Meanwhile, in the holding cell, KR carved an "S," the first letter of his nickname, into the wall.

¶4 Officers placed KR in the back of a police car. During the drive to Snoqualmie Pass, KR managed to break off the interior door handle.

¶5 The State charged KR with two counts of third degree malicious mischief under RCW 9A.48.090(1)(a). One count was for damaging the door handle, and the second count was for the physical damage to the wall. KR was adjudicated guilty as charged.

¶6 KR contends his two convictions for malicious mischief in the third degree violate the prohibition against double jeopardy. This is a question of law reviewed de novo. *State v. Hall*, 168 Wn.2d 726, 729, 230 P.3d 1048 (2010).

¶7 The double jeopardy clause of the Fifth Amendment forbids multiple punishments for the same offense. *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995). The state constitutional rule against double jeopardy, article I, section 9, offers the same scope of protection as its federal counterpart. *Gocken*, 127 Wn.2d at 107.

¶8 "Double jeopardy principles protect a defendant from being convicted more than once under the same statute if the defendant commits only one unit of the crime." *State v. Westling*, 145 Wn.2d 607, 610, 40 P.3d 669 (2002). In order to resolve whether double jeopardy principles are violated when a defendant is convicted of multiple violations of the same statute, a court must determine what "unit of prosecution" the legislature intends to be the punishable act under the statute. *State v. Tvedt*, 153 Wn.2d 705, 710, 107 P.3d 728 (2005). "A unit of prosecution can be either an act or a course of conduct." *Hall*, 168 Wn.2d at 731, citing *Tvedt*, 153 Wn.2d at 710, and *In re Snow*, 120 U.S. 274, 286, 7 S. Ct. 556, 30 L. Ed. 658 (1887). In some cases where the statute criminalizes a course of conduct, it will define what is "inherently[ ] a continuous offence" rather than an offense consisting of an isolated act. *Snow*, 120 U.S. at 281; *see also State v. Jensen*, 164 Wn.2d 943, 957, 195 P.3d 512 (2008); *Ebeling v. Morgan*, 237 U.S. 625, 35 S. Ct. 710, 59 L. Ed. 1151 (1915). The general analytical approach begins with the statute in question. *Hall*, 168 Wn.2d at 730.

¶9 Here, the statute in question is RCW 9A.48.090(1)(a). It provides that a person is guilty of third degree malicious mischief, a misdemeanor, if he or she knowingly and maliciously "causes physical damage to the property of another" under circumstances not amounting to malicious mischief in the first or second degree.

¶10 KR argues that by using the phrase "the property of another," the legislature defined the unit of prosecution according to the number of persons whose property the defendant damaged. He thus contends he was guilty of only one count of malicious mischief because each item of property he damaged belonged to the Kent Police Department. The State contends that the unit of prosecution is each discrete act of property destruction.

¶11 KR attempts an analogy to the identity theft statute, which uses the phrase "another person": "No person may knowingly obtain, possess, use, or transfer a means of

identification or financial information of *another person*, living or dead, with the intent to commit, or to aid or abet, any crime." RCW 9.35.020(1) (emphasis added). This statute was considered in *State v. Leyda*, 157 Wn.2d 335, 138 P.3d 610 (2006). The defendant in *Leyda* used, on four separate occasions, a credit card stolen from one person. Our Supreme Court reversed three of the defendant's four convictions, concluding he had engaged in a single course of illegal conduct "against a particular victim" that amounted to one count of identity theft:

> Once the accused has engaged in any one of the statutorily proscribed acts against a particular victim, and thereby committed the crime of identity theft, the unit of prosecution includes any subsequent proscribed conduct, such as using the victim's information to purchase goods after first unlawfully obtaining such information.

*Leyda*, 157 Wn.2d at 345.[1]

¶12 KR argues that the malicious mischief statute similarly defines the unit of prosecution in terms of a particular victim. The analogy is not compelling. A person can own many items of property but has only one identity. *Leyda*, 157 Wn.2d at 347.

¶13 The better analogy is to *State v. Kinneman*, 120 Wn. App. 327, 84 P.3d 882 (2003), *review denied*, 152 Wn.2d 1022 (2004). *Kinneman* involved the theft statute and a single victim. The defendant, an attorney, had received a sizable deposit in trust for one client. He made 67 unauthorized withdrawals from his trust account, diverting a total of more than $200,000 to his own use. The State charged and convicted him separately for each withdrawal, resulting in 28 counts of first degree theft and 39 counts of second degree theft. It is a theft to "wrongfully obtain or exert unauthorized control over the property or services of an-

---

[1] The legislature has since amended the identity theft statute to clarify that the "unit of prosecution for identity theft by use of a means of identification or financial information is each individual unlawful use of any one person's means of identification or financial information." RCW 9.35.001; LAWS OF 2008, ch. 207, § 3.

other or the value thereof, with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a). Kinneman argued that his numerous withdrawals constituted only a single count of first degree theft because all the takings were from the same victim. *Kinneman*, 120 Wn. App. at 334. His argument was rejected because it would have interfered with the "well-established rule that prosecutors have considerable latitude to either aggregate charges or to bring multiple charges." *Kinneman*, 120 Wn. App. at 337-38.

¶14 Similar to the theft statute, the malicious mischief statute under which KR was charged refers to "the property of another." RCW 9A.48.090(1)(a). When charging malicious mischief, the State may either charge a separate count for each item damaged, or if enough items are damaged as a result of a common scheme or plan, the State may decide to aggregate the damages in a single count so as to meet the threshold for charging a felony rather than a misdemeanor. This discretion is expressly granted by statute. RCW 9A.48.100(2).

¶15 The effect of the aggregation statute is shown in *State v. Rivas*, 168 Wn. App. 882, 889, 278 P.3d 686 (2012). There, the defendant broke windows in two cars, causing damage in the total amount of $757.58. The State charged him with a single count of malicious mischief in the second degree, a class C felony. Because the cars were owned by the same person, the State did not allege the element of a common scheme or plan. The court explained that the fact of both cars being owned by the same person did not mean that Rivas committed only one count of second degree malicious mischief. The State had to aggregate the damage to both cars to reach the threshold of $750 for charging second degree malicious mischief. Without an allegation of a common scheme or plan, the information was deficient. *Rivas*, 168 Wn. App. at 889-90.

¶16 Such aggregation would not be possible if the legislature intended to treat each act of destruction against a

single victim as a part of a single continuing offense. Thus, the aggregation statute plainly indicates legislative intent that the unit of prosecution is each discrete act of property destruction, not a course of destructive conduct toward a single victim. Malicious mischief is not an inherently continuous offense.

¶17 If the legislature does not define the unit of prosecution or its intent is unclear, the rule of lenity applies and the ambiguity must be resolved against turning a single transaction into multiple offenses. *Hall*, 168 Wn.2d at 730; *Bell v. United States*, 349 U.S. 81, 83, 75 S. Ct. 620, 99 L. Ed. 905 (1955). KR argues that the statute is ambiguous. A statute is ambiguous if it is susceptible to two or more reasonable interpretations; it is not ambiguous merely because different interpretations are conceivable. *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999). "A court should not be hasty in finding an ambiguity because the result may be a construction of the statute that does not accurately reflect legislative intent." *In re Transfer of Territory*, 130 Wn. App. 806, 811, 125 P.3d 208 (2005). It would be a strained and unreasonable interpretation of the statute to hold that malicious damage to property owned by the same person can never support more than one charge, no matter how far apart in time or location. This is particularly so in light of the aggregation statute and the discussion in *Rivas*. We find no ambiguity.

¶18 Even where the legislature has expressed its view on the unit of prosecution, the court must perform a factual analysis as to the unit of prosecution in the particular case. *Hall*, 168 Wn.2d at 730. The facts of this case do not reveal that only one unit of prosecution was present. Just as the withdrawals in *Kinneman* could each be viewed as a discrete theft because they did not occur at the same time, *Kinneman*, 120 Wn. App. at 338, KR's act of defacing the cell wall and his act of breaking the door handle of the police car were discrete events. They happened in different places and not in rapid succession.

¶19 We conclude that double jeopardy was not violated by convicting KR of two counts of malicious mischief in the third degree.

¶20 Affirmed.

APPELWICK and DWYER, JJ., concur.