[No. 66628-2-I. Division One. August 20, 2012.]

MARY ANN MONNASTES, *Respondent*, v. CHARLES GREENWOOD, *Appellant*.

*Marilee C. Erickson* and *Michael N. Budelsky* (of *Reed McClure*), for appellant.

*Thomas H. Fryer* (of *Resick Hansen & Fryer*), for respondent.

¶1 SPEARMAN, A.C.J. — In determining whether a party appealing an arbitration award has improved his or her position at a trial de novo, a trial court is to compare the compensatory damages awarded at trial with the compensatory damages awarded by the arbitrator or, as is the case here, with the nonappealing party's offer of compromise. To the extent the nonappealing party seeks to replace the arbitrator's award of compensatory damages with an offer of compromise that includes not only compensatory damages but also costs, that party should explicitly include costs as part of the offer of compromise.

¶2 Here, Mary Ann Monnastes did not explicitly include costs as part of her offer of compromise and, as such, it was error for the trial court to consider costs when determining whether Charles Greenwood improved his position at the

trial de novo. Therefore, we reverse the award of attorney fees and costs and remand for further proceedings.

## FACTS

¶3 Mary Ann Monnastes and Charles Greenwood were involved in a car accident. Monnastes sued Greenwood, and the matter was transferred to mandatory arbitration. The arbitrator awarded Monnastes $22,719.38 for economic damages and pain and suffering. Greenwood requested a trial de novo. Monnastes made an offer of compromise to Greenwood that stated:

> Pursuant to RCW 7.06.050 and MAR 7.3, the Plaintiff hereby offers to settle her claim against the Defendant for the amount of sixteen thousand dollars and no cents ($16,000.00). This offer remains open for ten (10) calendars [sic] days after receipt of service.

¶4 Greenwood did not accept the offer, and the matter proceeded to trial. The jury returned a verdict awarding special and general damages to Monnastes in the amount of $15,661.00. The trial court awarded $1,790.18 in costs to Monnastes under RCW 4.84.010 and CR 54(d). Monnastes then moved the court for an award of attorney fees under MAR 7.3. Although the award of $15,661 was less than the $16,000 offer of compromise, Monnastes argued that when costs were factored in, Greenwood had failed to improve his position at the trial de novo.

¶5 The trial court granted Monnastes' motion:

> The plaintiff was better off having gone to trial than if she had just taken that $16,000 and the case was over. Mr. Greenwood, or his insurance company, or whoever, was worse off having gone to trial. Accordingly, pursuant to the statute, the court rule, and case law, the plaintiff is entitled to attorneys [sic] fees, reasonable attorney's fees on top of the award.

The court awarded attorney fees in the amount of $22,500. Greenwood moved for reconsideration, and the court denied the motion. Greenwood appeals.

## DISCUSSION

██ ██ ¶6 Greenwood asserts the court erred by taking costs into consideration when determining whether he had improved his position at the trial de novo. According to Greenwood, the trial court failed to properly "compare comparables" under MAR 7.3. Under MAR 7.3, a court in a trial de novo "shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo." In *Mei Tran v. Yue Han Yu*, 118 Wn. App. 607, 612, 75 P.3d 970 (2003), this court considered whether a party appealing an arbitration award failed to improve her position at a trial de novo when the compensatory damages awarded at trial were less than those awarded at arbitration, but the judgment was higher because of the court's award of statutory costs and CR 37 sanctions.

¶7 We held that a court should "compare comparables" to determine whether a party failed to improve its position. *Id.* Accordingly, a court would compare the compensatory damages awarded by the arbitrator with the compensatory damages awarded at trial. *Id.* The court would *not* include awards for statutory costs and CR 37 sanctions because those costs were not before the arbitrator and were not "comparable" to the compensatory damages awarded by the arbitrator. *Id.* at 616. Indeed, we noted that a party would invariably improve its position if costs such as attorney fees and interest were taken into account. *Id.* at 612.

¶8 Here, Monnastes' offer of compromise, which replaced the arbitrator's award,[1] was $16,000. At the trial de novo,

---

[1] Under RCW 7.06.050(1), a nonappealing party to a trial de novo can make an offer of compromise as follows:

(a) Up to thirty days prior to the actual date of a trial de novo, a nonappealing party may serve upon the appealing party a written offer of compromise.

(b) In any case in which an offer of compromise is not accepted by the appealing party within ten calendar days after service thereof, for purposes of MAR 7.3, the amount of the offer of compromise shall replace the amount of the arbitrator's award for determining whether the party appealing the arbitrator's award has failed to improve that party's position on the trial de novo.

however, Monnastes obtained only $15,661 in compensatory damages. Greenwood thus improved his position at trial, and, under *Tran*, the trial court erred in concluding otherwise by adding costs.

¶9 Monnastes nevertheless contends Greenwood failed to improve his position, arguing that her offer sought to settle all of the claims pleaded in the complaint, which included a request for fees and costs. Thus, according to Monnastes, her offer of compromise was "an offer for a global settlement of the case" that "implicitly includes statutory fees and costs. . . ." We disagree. Monnastes' offer of compromise makes no mention of statutory fees or costs, or of being a "global" settlement. Rather, it states only that Monnastes "hereby offers to settle her claim against the Defendant for the amount of sixteen thousand dollars and no cents ($16,000.00)." Although Monnastes' complaint included a standard request for any fees and costs that might be available, the important consideration here is that "the amount of the offer of compromise shall replace the amount of the arbitrator's award" for the purpose of determining whether the appealing party improved his position. RCW 7.06.050(1)(b). As Monnastes concedes, the arbitrator's award did not include costs. To the extent Monnastes sought to replace this award of compensatory damages with an offer of compromise that included not only compensatory damages but also costs, she should have so specified in the offer of compromise.

¶10 Monnastes cites *Niccum v. Enquist*, 152 Wn. App. 496, 215 P.3d 987 (2009), *review granted*, 168 Wn.2d 1022, 228 P.3d 18 (2010) for the proposition that an offer of compromise "implicitly" includes statutory fees and costs. Monnastes misreads *Niccum*. There, the nonappealing party made an offer of compromise of $17,350. *Id.* at 498. Unlike this case, however, the offer of compromise explicitly included statutory fees and costs:

> COMES NOW Plaintiff, by and through his attorney, JERRY T. DYRESON, and pursuant to RCW 7.06.050 does hereby offer to compromise his claim in the amount of $17,350.00. Such compromise is *intended to replace the arbitrator's award of $24,496.00 and replace the previous offer of compromise, with*

*an award of $17,350.00 including costs and statutory attorney fees.*

*Id.* (some emphasis added). Thus, when the jury returned a verdict of $16,650 in compensatory damages, the trial court compared that number to $17,350 *minus* costs of $1,061.28, i.e., $16,288.72, thereby holding that the appealing party had failed to improve his position. We held that "any segregated amount of an offer must replace an amount in the same category granted under the arbitrator's award." *Id.* at 500-01. Accordingly, we affirmed the trial court's decision to subtract costs from the offer of compromise, thereby comparing comparables, i.e., compensatory damage awards:

> *Tran*'s analysis is applicable here. Thus, we conclude that the trial court correctly considered comparables in the offer of compromise and the jury verdict, and properly subtracted costs and fees.
>
> The jury award to Mr. Niccum of $16,650 was greater than the offer of compromise of $16,288.72. Mr. Enquist would have owed less to Mr. Niccum had he accepted the offer of compromise. He did not improve his position at trial. Mr. Niccum is, therefore, entitled to costs and attorney fees.

*Id.* at 501. Here, unlike *Niccum*, the offer of compromise did not explicitly segregate statutory fees and costs from the compensatory damages award. *Niccum* is thus of no help to Monnastes.

¶11 In sum, under *Tran*, a trial court is to compare the compensatory damages awarded by the arbitrator with the compensatory damages awarded at trial. *Tran*, 118 Wn. App. at 612. To the extent a nonappealing party seeks to replace the arbitrator's award of compensatory damages with an offer of compromise that includes not only compensatory damages but also costs, that party should so specify in the offer of compromise. Here, Monnastes did not do so, and therefore it was error for the court to consider costs when "comparing comparables" under *Tran*.

¶12 We reverse the award of attorney fees and costs, and remand for further proceedings.

BECKER and LAU, JJ., concur.