# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SOON KIM, | ) | No. 68257-1-I |
| Respondent, | ) | DIVISION ONE |
| v. | ) | UNPUBLISHED OPINION |
| LINDSAY ROGER, | ) | |
| Appellant. | ) | FILED: March 11, 2013 |

GROSSE, J. — A party who requests a trial de novo after a mandatory arbitration is only required to pay attorney fees if that party fails to improve its position. In determining whether or not a party has improved its position, the trial court compares the jury's verdict to the arbitrator's award or, as here, the nonappealing party's offer of compromise before the trial de novo. Costs are neither added to the verdict nor subtracted from the offer of compromise. At the trial de novo, the plaintiff recovered less than the amount she offered in the offer of compromise. Accordingly, we reverse the trial court's award of attorney fees.

Soon Kim sued Lindsay Roger for injuries sustained in a rear-end collision that occurred in September 2008. The matter was moved to mandatory arbitration where an arbitrator awarded $25,579.04 to Kim. Roger timely requested a trial de novo pursuant to Mandatory Arbitration Rule (MAR) 7.1. On October 21, 2010, Kim made an offer of compromise to Roger for $16,500.00, inclusive of attorney fees and costs.[1] Roger did not accept the offer and the

---

[1] Where an offer of compromise is not accepted by the appealing party, the amount of the offer of compromise replaces the amount of the arbitrator's award for determining whether the appealing party has failed to improve that party's position on the trial de novo. RCW 7.06.050.

matter proceeded to a jury trial. The jury issued a verdict awarding Kim $14,761.00, less than the offer of compromise. The court then awarded costs to Kim pursuant to RCW 4.84.010 and CR 54(d) in the amount of $2,335.39. When the costs were added to the jury verdict, the total amount ($17,096.39) was larger than the offer of compromise. The trial court therefore awarded Kim attorney fees because Roger had failed to improve her position at the trial de novo under MAR 7.3 and RCW 7.06.060. Roger appeals.

The mandatory arbitration rules specify that a party who seeks a trial de novo and fails to improve his or her position must pay the other party's attorney fees.[2] In awarding Kim attorney fees pursuant to RCW 7.06.060 and MAR 7.3, the trial court relied upon the reasoning found in the Court of Appeals decision in Niccum v. Enquist, in which the plaintiff made a similarly worded offer of compromise.[3] Niccum's offer of compromise was $17,350.00, but the jury verdict awarded only $16,650.00.[4] Nevertheless, the Court of Appeals awarded attorney fees to Niccum, holding that court costs awarded to a prevailing party at trial would first be subtracted from the offer of compromise before comparing the offer of compromise and the verdict.[5] But the Supreme Court reversed the Court of Appeals and held that, under a plain reading of the statute, it is "improper to subtract costs from an offer of compromise."[6] Thus, there is no right under the statute to include costs whether it is by subtracting them from the offer of

---

[2] MAR 7.3.
[3] Niccum v. Enquist, 152 Wn. App. 496, 215 P.3d 987 (2009).
[4] Niccum, 152 Wn. App. at 498.
[5] Niccum, 152 Wn. App. at 500-01.
[6] Niccum v. Enquist, 175 Wn.2d 441, 448, 286 P.3d 966 (2012).

compromise or by adding them, as here, to the verdict. Had the trial court had the benefit of the Supreme Court decision it would not have awarded attorney fees to Kim as the prevailing party after a trial de novo. Here, Roger improved her position at the trial de novo. Under <u>Niccum</u>, Kim is not entitled to attorney fees. The award of attorney fees is reversed. Kim is, however, still entitled to fees under chapter 4.84 RCW.[7]

WE CONCUR:

---

[7] "If the prevailing party in the arbitration also prevails at the trial de novo, even though at the trial de novo the appealing party may have improved his or her position from the arbitration, this section does not preclude the prevailing party from recovering those costs and disbursements otherwise allowed under chapter 4.84 RCW, for both actions." RCW 7.06.060(3).

3