[No. 19336-1-II.    Division Two.    October 18, 1996.]

THE STATE OF WASHINGTON, *Petitioner*, v. THOMAS G. CARLYLE, *Respondent*.

*John W. Ladenburg, Prosecuting Attorney,* and *Thomas C. Roberts, Deputy,* for petitioner.

*Marvin H. Olsen, H. Gary Wallis,* and *Olsen & Wallis,* for respondent.

ARMSTRONG, J. — The State appeals the Pierce County District Court's dismissal, on speedy trial grounds, of a prosecution of Thomas Carlyle for driving under the influence of alcohol. We reverse.

Shortly before 2 a.m. on February 16, 1992, a Washington State Patrol trooper clocked Carlyle's car speeding in excess of 80 miles per hour on State Route 16 near Gig Harbor. After investigating further, the trooper charged Carlyle with driving under the influence. Carlyle was not held in jail. On March 31, 1992, he executed a waiver of speedy trial rights. His trial was set initially for June 26, 1992, but was continued at the State's behest to August 28, 1992 — apparently the last day on which trial could have begun timely under CrRLJ 3.3.

Both parties appeared in district court for trial on August 28, a Friday, but due to some sort of mixup the court's docket did not list the Carlyle case and no jurors had been convened to hear it.[1] Not having seen Carlyle's case on the docket, the prosecutor had told the arresting trooper he did not need to come to court. When it became evident, however, that the defense wanted the trial to start, the prosecutor requested a short delay to get the trooper and another witness to court. The district court judge said it would be "fair" to give the prosecutor that opportunity, but was concerned that it would not be possible to convene and empanel a jury that day.

The judge initially accepted the prosecutor's suggestion

---

[1]The verbatim record of district court proceedings sheds only a dim light on the nature of the scheduling mixup and the reasons for the jury's absence on the date of trial. Both the deputy prosecutor and defense counsel had appeared on August 20, 1992, for a "readiness hearing" before a judge pro tem. The regular court clerk was not present. Somehow the Carlyle case seems to have been taken off the calendar as a result of that hearing, although no record was made of the reasons and neither attorney professed to know why. The court's telephone recorder apparently had a message telling prospective jurors they would not be needed on the 28th. According to the judge, the court's master calendar failed to list the Carlyle case for trial starting August 28. The responsibility for ensuring a speedy trial for the defendant lies with the court. CrRLJ 3.3(a). In light of these known facts, it is unclear why the judge accused the prosecution of "dropp[ing] the ball."

to hear pretrial motions on the 28th, then continue the case until a jury could be assembled the following week. The judge heard and granted the State's pretrial motions. The defense then moved to dismiss for violation of the speedy trial rule if the case was not going to proceed further on that day without a jury. The court continued the case until the following Wednesday, September 2, when it could resume with a jury present.

The matter came back before the district court on September 1, with the defense insisting on a dismissal and the prosecution arguing that the case had already begun on August 28 when the State's pretrial motions were heard. The district court, remarking that the State had "dropped the ball" on August 28, announced it was exercising its discretion to dismiss the case. The State appealed to superior court, which affirmed the dismissal. The State then appealed to this court.

██ A criminal trial not brought to trial within the time limits of CrRLJ 3.3 shall be dismissed with prejudice. CrRLJ 3.3(i). We must first determine the standard of review. The superior court believed it was reviewing for abuse of discretion. *But see* RALJ 9.1(a) (superior court determines whether court of limited jurisdiction has committed any errors of law). Abuse of discretion is the standard of review in some contexts involving, or potentially involving, the speedy trial rule. For example, the trial court has discretion under CrR/CrRLJ 3.3(d)(8) to "extend" the start of a trial five days past the time limits, *State v. Jenkins*, 76 Wn. App. 378, 884 P.2d 1356 (1994), *review denied*, 126 Wn.2d 1025 (1995); and the trial court has discretion under CrR/CrRLJ 8.3(b) to dismiss or impose some lesser sanction for governmental misconduct, *State v. Sherman*, 59 Wn. App. 763, 801 P.2d 274 (1990). But the situation here is different. We are asked to decide if there was a violation of the speedy trial rule mandating dismissal. The application of a court rule to particular facts is a question of law, reviewable de novo. *State v. Tatum*, 74 Wn. App. 81, 86, 871 P.2d 1123, *review denied*, 125

Wn.2d 1002 (1994). Thus, our review is de novo in determining whether such a violation occurred. *State v. Hall*, 55 Wn. App. 834, 841, 780 P.2d 1337 (1989); CrRLJ 3.3(i).

■ Assuming that August 28 was the last day for commencing a timely trial in this case, the crucial issue is whether, by hearing the State's pretrial motions, the district court started the trial on that date.

The answer is yes. A defendant is "brought to trial" for purposes of CrR/CrRLJ 3.3(c)(1) when the judge calls the case and hears preliminary motions. *State v. Carson*, 128 Wn.2d 805, 820, 912 P.2d 1016 (1996); *State v. Estabrook*, 68 Wn. App. 309, 313-14, 842 P.2d 1001, *review denied*, 121 Wn.2d 1024 (1993); *State v. Redd*, 51 Wn. App. 597, 608, 754 P.2d 1041, *review denied*, 111 Wn.2d 1008 (1988); *State v. Mathews*, 38 Wn. App. 180, 183, 685 P.2d 605, *review denied*, 102 Wn.2d 1016 (1984). "*Mathews* and *Redd* establish that nothing more need be done to comply with CrR 3.3 than that the case be called and the court entertain a preliminary motion." *State v. Andrews*, 66 Wn. App. 804, 810, 832 P.2d 1373 (1992), *review denied*, 120 Wn.2d 1022 (1993).

Thus, in *Mathews*, trial commenced when the judge heard the State's motion to amend the information and the defendant's motions to exclude prior convictions and to be permitted to wear civilian clothing to trial. *Mathews*, 38 Wn. App. at 181-83. And in two of the cases consolidated in *Andrews*, the trials started when, in the last minutes of the last possible day, the respective judges heard only motions to exclude witnesses. *Andrews*, 66 Wn. App. at 806, 808-10. The *Andrews* case specifically rejects the argument, made by Carlyle here, that a preliminary motion to exclude witnesses is not substantial enough to toll the running of the speedy trial period. *Andrews*, 66 Wn. App. at 810. Finally, in *Carson*, the Supreme Court recently held that trial commenced on the last day when the trial court denied a motion for continuance. *Carson*, 128 Wn.2d at 820.

Here, likewise, the State made a preliminary motion to

exclude witnesses, plus another motion in limine regarding a gaze nystagmus test administered by the trooper. When the district court judge decided those motions, the trial commenced for purposes of the speedy trial rule, the rule was not violated, and the court erred by dismissing the case.

Reversed and remanded for trial.

SEINFELD, C.J., and BRIDGEWATER, J., concur.

Reconsideration denied January 23, 1997.