[No. 22339-6-III.   Division Three.   September 21, 2004.]

BASIN PAVING COMPANY, *Plaintiff,* v. CONTRACTORS BONDING AND INSURANCE COMPANY, *Defendant,* MIKE M. JOHNSON, INC., *Respondent,* THE TOWN OF LIND, *Appellant.*

*Mark A. Wheeler*, for appellant.

*Terry E. Miller*, for respondent.

BROWN, J. — Today, the issue is whether the trial court erred in not awarding attorney fees for an offer of settlement of construction contract claims made to Mike M. Johnson, Inc. (MMJ), by the town of Lind (Lind) under RCW 39.04.240(1)(b). Lind's offer to settle exceeded the summary judgment award to MMJ, but the trial court held Lind's offer exceeded the time limit set in the statute when considered from MMJ's original cross claim as compared to

MMJ's later amended cross claim. We agree with the trial court, and affirm.

## FACTS

The background facts are found in *Basin Paving Co. v. Mike M. Johnson, Inc.*, 107 Wn. App. 61, 27 P.3d 609 (2001), *review denied*, 145 Wn.2d 1018 (2002). Relevant now is Lind's July 7, 1998 $40,000 offer under RCW 39.04.240-(1)(b) to settle MMJ's cross claim in a construction dispute. The statute sets a 120-day time limit for making settlement offers.

By February 19, 1998, MMJ completed service and filing of its initial cross claim against Lind. MMJ alleged breach of express and implied warranties, breach of the covenant of good faith and fair dealing, and breach of contract. By May 14, 1998, MMJ completed service and filing of an amended cross claim, which added estoppel theories. Lind's settlement offer was served 138 days after the initial cross claim and 54 days after the amended cross claim. The settlement offer provided that Lind would seek attorney fees and costs under RCW 39.04.240(1)(b) if an award was less than the offer.

MMJ rejected Lind's offer. Lind successfully requested summary judgment against MMJ and received an order limiting the judgment against it to $7,290.12. Lind then requested attorney fees and costs, arguing it had prevailed under its offer of settlement, which had offered $40,000 to settle. The court denied Lind's request, concluding Lind's settlement offer was untimely under RCW 39.04.240(1)(b) because the settlement offer came more than 120 days from the initial cross claim. Lind appealed.

## ANALYSIS

The issue is whether the trial court erred in denying Lind's attorney fees and costs request by concluding the timeliness of Lind's offer of settlement was to be considered

from MMJ's initial cross claim rather than its amended cross claim.

■ ■ Neither party briefed the standard of review. Generally, we review an award of attorney fees for abuse of discretion. *Mayer v. City of Seattle*, 102 Wn. App. 66, 79, 10 P.3d 408 (2000). But, applications of court rules and statutes are reviewed de novo. *State v. Carlyle*, 84 Wn. App. 33, 35-36, 925 P.2d 635 (1996) (court rule); *State v. Johnson*, 96 Wn. App. 813, 816, 981 P.2d 25 (1999) (statute). Thus, our review is de novo.

■ RCW 39.04.240(1)(b) provides: "[T]he time period for serving offers of settlement on the adverse party shall be the period not less than thirty days and not more than one hundred twenty days after completion of the service and filing of the summons and complaint." While this statute does not specifically reference cross claims, such claims are analogous to complaints in that both seek affirmative relief. *See Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wn. App. 419, 424, 628 P.2d 851 (1981) ("[A]ffirmative relief in the form of a cross claim is not a defense or objection."). Here, Lind filed its offer of settlement over 120 days from the original cross claim, but within the time limits if considered from the amended cross claim.

■ Regarding amended pleadings, CR 15(c) states: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." CR 15 " 'facilitate[s] a proper decision on the merits.' " *Herron v. Tribune Publ'g Co.*, 108 Wn.2d 162, 165, 736 P.2d 249 (1987) (quoting *Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters*, 100 Wn.2d 343, 349, 670 P.2d 240 (1983)). Further, the purpose is to provide parties with adequate notice of the basis of the claims or defenses asserted against them. *Herron*, 108 Wn.2d at 165.

■ ■ MMJ initially pleaded causes of action based on contract theories. When it amended its cross claim, it merely added estoppel theories. Given the similarity of

claims in MMJ's original pleading and amended pleading, we conclude the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." CR 15(c). Under CR 15(c), the amended pleading relates back to the date of the original pleading, February 19, 1998. Lind's settlement offer was filed on July 7, 1998, 138 days later. Per RCW 39.04.240(1)(b), the settlement offer was untimely.

■ Lind argues in its reply brief that RCW 39-.04.240(1)(b) is ambiguous. First, we will not consider arguments raised for the first time in a reply brief. RAP 10.3(c); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Second, the term "completion" in RCW 39.04.240(1)(b) is not ambiguous given CR 15(c).

In sum, the trial court correctly ruled the offer of settlement was untimely based upon its application of CR 15(c) and RCW 39.04.240(1)(b). The trial court did not err.

Affirmed.

SCHULTHEIS and KURTZ, JJ., concur.