FILED
COURT OF APPEALS
DIVISION II

2013 MAR 19 AM 8: 40

STATE OF WASHINGTON

BY_____
         DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 41802-9-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JEFFREY S. ASHBORN, | |
| Appellant. | |

BJORGEN, J. — Jeffrey Scott Ashborn appeals his convictions on two counts of fourth degree assault, one count of interfering with the reporting of domestic violence, one count of unlawful possession of a controlled substance, marijuana, and one count of third degree driving with license suspended. He alleges that the trial court erred by denying his motion to dismiss for violation of the "speedy trial" rule, CrR 3.3. He argues that his trial did not commence on the date it was set, even though the court called the case and heard a motion to exclude witnesses, because the court set the trial date knowing that no jurors would be available that date. Because Ashborn's trial resumed within the speedy trial period required by CrR 3.3, we hold that there was no speedy trial violation. Accordingly, we affirm.

## FACTS

On April 13, 2010, the State charged Ashborn with second degree assault, felony harassment, and interfering with the reporting of domestic violence based on an incident that occurred on April 12, 2010. On July 21, 2010, the State moved to dismiss the April charges because the victim could not be located and subpoenaed to trial; and without her presence, the

No. 41802-9-II

State did not believe it could prove the charges beyond a reasonable doubt. The trial court dismissed the charges without prejudice on July 21, 2010.

On October 11, 2010, the State charged Ashborn with second degree assault (count I); unlawful possession of a controlled substance, 40 grams or less of marijuana (count II); unlawful use of drug paraphernalia (count III); and third degree driving while license suspended (count IV), based on events occurring on October 8, 2010. Trial was set for December 2, 2010. On November 16, 2010, the trial court granted defense counsel's motion to continue the trial to January 20, 2011.

On December 2, 2010, the State filed charges arising from the April incident.[1] Counsel agreed to amend the existing information to add the previously dismissed charges to the pending case rather than file them under their original cause number.[2]

On December 10, 2010, Ashborn's counsel objected to the January 20, 2011 trial date, arguing that it was outside the speedy trial period with respect to the charges relating to the April incident that were added to the charges arising from the October incident.[3] Defense counsel argued that the charges relating to the April incident had only 24 days of speedy trial time

---

[1] The State had contact with the victim from the April incident because she was also the victim in the October incident.

[2] The amended information included the following charges relating to the April incident: second degree assault (count V), felony harassment (count VI), and interfering with the reporting of domestic violence (count VII).

[3] Ashborn concedes that the trial date of January 20, 2011, was within the speedy trial period for the charges arising from the October incident (counts I-IV, VIII). Therefore, Ashborn's speedy trial argument is limited to counts V-VII. Of those counts, Ashborn was convicted only on the charges of fourth degree assault (count V) and interfering with the reporting of domestic violence (count VII).

2

remaining when they were dismissed without prejudice on July 21, 2010,[4] and thus, trial on those counts had to commence no later than December 26, 2010. Responding to this argument, the trial court moved the trial date forward to December 22, 2010. The trial court acknowledged that no jurors would be available on that date,[5] but it planned to call the case for trial, address preliminary motions, and then recess until Monday, January 3, 2011.

As scheduled, the trial court called the case for trial on December 22, 2010, and granted defense counsel's motion to exclude testifying witnesses from the courtroom. The State filed a second amended information that added a count of felony harassment (count VIII) arising from the October 2010 incident. The trial court arraigned Ashborn on the second amended information and accepted his not guilty plea. Then the trial court recessed the trial until January 3, 2011.

On January 3, 2011, the trial court conducted a CrR 3.5 hearing and heard defense counsel's motion to dismiss the charges related to the April incident for violation of the speedy trial rule. Defense counsel argued that the proceeding on December 22, 2010, was not effective to toll the speedy trial time because the court knew when it scheduled the trial for that date that no jurors would be available and because the motion to exclude witnesses considered by the court was merely a pro forma motion. According to defense counsel, Ashborn's speedy trial

---

[4] The record on appeal does not contain the documents that would allow us to calculate this number, but both parties and the trial court refer to an order indicating that there were 24 days left in the speedy trial period when the charges were dismissed on July 21, 2010.

[5] Due to budget constraints, Pierce County did not have new jurors available for superior court cases the weeks of July 4, August 8, November 21, December 20, and December 26.

No. 41802-9-II

rights expired on January 1, 2011.[6] The trial court denied the motion to dismiss and ruled that the trial commenced on December 22, 2010, when Ashborn was arraigned on the second amended information and the court granted a defense motion to exclude witnesses.

Also on January 3, 2011, the State filed a third amended information that added a deadly weapon enhancement to the felony harassment charge (count V) arising from the October 2010 incident. The defense objected, but the trial court allowed the third amended information, arraigned Ashborn, and accepted his not guilty plea.

Jury selection commenced on January 4, 2011, followed by opening statements and presentation of evidence on January 5, 2011. The jury returned verdicts finding Ashborn guilty of unlawful possession of a controlled substance, marijuana (count II), third degree driving while license suspended (count IV), interfering with the reporting of domestic violence (count VII), and two counts of the lesser included crime of fourth degree assault (counts I and V). The jury acquitted Ashborn of unlawful use of drug paraphernalia (count III) and felony harassment (count VIII). The trial court sentenced Ashborn to 365 days confinement for counts I and V, and 90 days for counts II, IV, and VIII. The trial court suspended a portion of each sentence and imposed various conditions on the suspended sentence.

---

[6] Defense counsel had earlier argued in a motion objecting to the trial setting that speedy trial time expired on December 26, 2010. On January 3, 2011, she corrected her earlier calculation, stating:

> I had mistakenly [written] in that motion . . . that speedy trial would expire on December 26th because I was using the remainder of speedy trial time left as of July 21st, which would have been 24 days. But actually looking up the law under CrR 3.3, the state would have 30 days once it was refiled. So giving the state 30 days from December 2nd would mean that Mr. Ashborn's speedy trial rights would expire on January 1st.

Report of Proceedings at 30-31.

4

Ashborn timely appeals.

ANALYSIS

Ashborn argues that his convictions should be dismissed with prejudice because the State violated his speedy trial rights when the trial commenced on December 22, 2010 and was continued to January 3, 2011. We disagree.

Determining whether a violation of the speedy trial rule requiring dismissal occurred is a question of law, which we review de novo. *State v. Carlyle*, 84 Wn. App. 33, 35-36, 925 P.2d 635 (1996). "A criminal trial not brought to trial within the time limits of [CrR] 3.3 shall be dismissed with prejudice." *Carlyle*, 84 Wn. App. at 35. "A defendant is 'brought to trial' for purposes of [speedy trial] when the judge calls the case and hears preliminary motions." *Carlyle*, 84 Wn. App. at 36 (citing *State v. Carson*, 128 Wn.2d 805, 820, 912 P.2d 1016 (1996)).

A defendant detained in jail must be brought to trial within 60 days of arraignment or within the time specified in CrR 3.3(b)(5), whichever is longer. CrR 3.3(b), (c). Under CrR 3.3(b)(5), "[i]f any period of time is excluded pursuant to section (e), the allowable time for trial shall not expire earlier than 30 days after the end of that excluded period." CrR 3.3(e)(4) provides that "[t]he time between the dismissal of a charge and the refiling of the same or related charge" shall be excluded in computing the time for trial.

"Time shall be computed . . . in accordance with CR 6." CrR 8.1. Civil Rule 6(a) provides:

> In computing any period of time[,] . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday.

5

Ashborn argues that his right to a speedy trial was violated because (1) his jury trial was set for a date that the trial court knew would not have jurors available, and (2) the trial court's hearing a motion to exclude witnesses was a pro forma motion insufficient to toll the running of the speedy trial period. As noted, his counsel argued at trial that the time for commencing the trial expired on January 1, 2011. We agree, since January 1, 2011, was the 30th day following refiling the charges arising from the April incident.[7]

Because the last day of the speedy trial period was Saturday, January 1, 2011, the speedy trial period was extended to the end of the next day which was not a Saturday, Sunday, or a legal holiday. *See* CR 6. Thus, Ashborn's speedy trial period expired Monday, January 3, 2011. Even if Ashborn's trial did not commence on December 22, 2011, it most certainly commenced by January 3, 2011, when the trial court heard the parties' remaining preliminary motions, allowed filing of the third amended information, arraigned Ashborn and accepted his not guilty plea, and conducted a CrR 3.5 hearing. *See Carlyle*, 84 Wn. App. at 36-37; *see also Carson*, 128 Wn.2d at 820. Thus Ashborn's arguments fail. We need not reach his argument about whether his trial actually commenced on December 22, 2010, and we decline to do so.

---

[7] Those charges were refiled on December 2, 2010, as counts V-VII of the amended information. Because the period between dismissal (July 21, 2010) and refiling the charges (December 2, 2010) is an excluded period under CrR 3.3(e), the time for trial is increased from 24 to 30 days. *See* CrR 3.3(b)(5). Thirty days from December 2, 2010, was Saturday, January 1, 2011 (January 3, 2011, was a Monday).

No. 41802-9-II

We hold that Ashborn's trial commenced within the speedy trial period required by CrR 3.3. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

QUINN-BRINTNALL, P.J.

PENOYAR, J.