FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 OCT -7 AM 9: 47

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SUNNY GAUTAM and SUMAN GAUTAM, husband and wife and their marital community, | ) ) ) | No. 69406-5-I |
| | ) | DIVISION ONE |
| Respondents, | ) ) | |
| v. | ) ) | |
| | ) | |
| DONALD HICKS and JANE DOE HICKS, husband and wife and their marital community, | ) ) ) | PUBLISHED OPINION |
| | ) | FILED: October 7, 2013 |
| Appellants. | ) ) | |

BECKER, J. — A party who appeals the award in a mandatory arbitration and fails to improve his position on trial de novo must pay the attorney fees incurred by the nonappealing party. An offer of compromise by the nonappealing party will replace the amount of the arbitrator's award for the purpose of determining whether the appealing party has improved his position. Here, the plaintiffs—a husband with a claim for personal injuries and a wife with a claim for loss of consortium—offered to settle both claims for $32,000, a total amount not delineated by claim. The jury awarded $30,000 to the husband and nothing to the wife. Because the defendant improved his position relative to the offer, he should not have been ordered to pay the husband's attorney fees. The award is reversed.

Sunny Gautam and Donald Hicks were involved in an automobile accident on August 25, 2010. Sunny Gautam and his wife, Suman Gautam, sued Hicks and his marital community. Sunny Gautam claimed damages for personal injury. Suman Gautam's claim was for loss of consortium.

The matter was transferred to mandatory arbitration. The arbitrator addressed each claim separately. For Sunny's personal injuries, the arbitrator awarded $28,136. For Suman's loss of consortium claim, the arbitrator awarded $3,000. In total, the arbitrator awarded $31,136. Hicks filed a timely request for trial de novo.

"Up to thirty days prior to the actual date of a trial de novo, a nonappealing party may serve upon the appealing party a written offer of compromise." RCW 7.06.050(1)(a). The Gautams made an offer of compromise pursuant to RCW 7.06.050 to settle all claims for $32,000:

> YOU AND EACH OF YOU ARE HEREBY NOTIFIED that pursuant to RCW 7.06.050, Plaintiff SUNNY GAUTAM and SUMAN GAUTAM hereby make an Offer of Compromise in the sum of Thirty Two Thousand Dollars ($32,000.00) for full and final settlement of all claims in this action. This amount is inclusive of costs and statutory attorney fees.

Hicks rejected the offer, and the case proceeded to trial de novo.

The jury found Hicks liable for the accident and awarded Sunny $30,000 in damages. The jury awarded nothing for Suman's loss of consortium claim. In total, the jury awarded $30,000. The jury's award to Sunny ($30,000) was greater than the arbitrator's award to Sunny ($28,136). However, the jury's total award for both claims ($30,000) was less than what the Gautams offered to accept to compromise both claims ($32,000).

2

A trial court must assess attorney fees and costs against a party who demands trial de novo and then fails to improve his position:

> The superior court shall assess costs and reasonable attorneys' fees against a party who appeals the award and fails to improve his or her position on the trial de novo.

RCW 7.06.060(1); MAR 7.3.

If the nonappealing party makes an offer of compromise that is not accepted, the amount of the offer of compromise replaces the arbitration award as the measure of improvement:

> In any case in which an offer of compromise is not accepted by the appealing party within ten calendar days after service thereof, for purposes of MAR 7.3, the amount of the offer of compromise *shall replace* the amount of the arbitrator's award for determining whether the party appealing the arbitrator's award has failed to improve that party's position on the trial de novo.

RCW 7.06.050(1)(b) (emphasis added).

The Gautams claimed that the court was obliged to assess fees and costs against Hicks because the jury verdict of $30,000 did not improve Hicks' position with respect to Sunny. They requested that fees and costs be assessed against Hicks in the total amount of $85,727 (lodestar amount of $42,636 and a multiplier of 2) for hours spent on Sunny's claim. They requested no fees and costs related to Suman's claim.

The trial court agreed that Sunny was entitled to an award of attorney fees and costs against Hicks. The total amount awarded was $49,947.40, calculated with a multiplier of 1.5.

Hicks appeals. He contends the trial court erroneously concluded that he failed to improve his position.

3

Our review is de novo because the result turns on interpretation of the mandatory arbitration statutes. Basin Paving Co. v. Contractors Bonding & Ins. Co., 123 Wn. App. 410, 414, 98 P.3d 109 (2004).

The trial court concluded that "plaintiff is not entitled to fees and costs based on its offer of compromise. It was not specific as to claims or costs." Instead of looking at the offer of compromise, the court compared the jury award for Sunny's claim ($30,000) to the arbitrator's award for his claim ($28,136):

> By failing to return a jury verdict in its favor greater than Plaintiff's Arbitration Award and offer of compromise ($28,146.10), Defendant failed to improve its position on Sunny Gautam's claim only. Pursuant to MAR 7.3 and RCW 7.06.060, Plaintiff is therefore entitled to his reasonable attorney's fees and costs on Sunny Gautam's claim only. Defendant prevailed on Suman Gautam's claim. She is not entitled to fees and costs.
>     . . . Plaintiff is not entitled to fees and costs based on its offer of compromise. It was not specific as to claims or costs.

Conclusion of Law 1, Clerk's Papers at 152 (strikethrough by trial judge).

This was error. The statute requires the court to look to the offer of compromise to determine whether the appealing party has failed to improve his or her position on trial de novo. RCW 7.06.050(1)(b), .060(1). The Gautams do not cite authority, and we have found none, that permits a court to disregard an offer of compromise on the basis that it is not "specific as to claims or costs." The Gautams could have made an offer of compromise that specifically delineated one amount for Sunny's personal injury claim and another for Suman's loss of consortium claim, but they did not do so. They offered to settle "all claims" for the single sum of $32,000.

4

To justify the trial court's use of the arbitrator's award as a basis of comparison, the Gautams describe their offer of compromise as if it had been broken down between Sunny and Suman:

> Plaintiff attempted to reduce the Arbitration Award to an Offer of Compromise to provide Defendant with another opportunity to resolve this matter without a trial, though there was a difference of $11.10 between the two. The Offer of Compromise breakdown is:
> - $28,147.10 for Sunny Gautam's claim ($11.10 increase from Arb. Award);
> - $3,000 for Suman Gautam's loss of consortium claim; and
> - $852.90 for statutory fees and costs;
> - For a total of $32,000.00.

They made the same argument to the trial court.[1] Their reply brief below acknowledged that their offer of compromise did not give "an exact breakdown of the claims," but they asserted it was "obvious" that they had simply reduced the arbitration award to an offer of compromise.

The assertion that the offer of compromise was broken down in the same manner as the arbitration award is simply inaccurate. The arbitrator's award had two components: one for Sunny and one for his wife. The offer of compromise was global.

By offering Hicks $32,000 total, the Gautams left Hicks no choice but to accept or reject the sum of $32,000 for both claims. Hicks pointed this out to the trial court in his opposition to the award of fees:

> Plaintiffs' decision to not segregate the claims in the offer should not, in retrospect, be the basis upon which to determine whether Defendant improved his position. When weighing whether or not to accept an Offer of Compromise, Defendant has to analyze whether he can better the global settlement proposal set forth by the Plaintiff, in this case, $32,000. Plaintiffs did not submit two separate offers (as was their right to do so) i.e. one for Suman

---

[1] ("Plaintiff intended to reduce the Arbitration Award to an Offer of Compromise.")

5

Gautam and one for Sunny Gautam. If this was done, Defendant could accurately gauge his risk of exposure on each claim individually and make an informed decision as to whether to accept Plaintiffs' proposal.

We agree with Hicks' reasoning. The Gautams were in control of the treatment of their claims. They could have made a separate offer of compromise as to each claim. If they had, the court could have compared the jury verdict on each claim to the offer of compromise on each claim. Instead, the Gautams presented Hicks with a single settlement offer to settle both claims. Because husband and wife joined together to make a single offer, Hicks was entitled to respond as if they were a single party.

The statute requires the court to determine whether the appealing party failed to improve his position. RCW 7.06.050. The rule "was meant to be understood by ordinary people who, if asked whether their position had been improved following a trial de novo, would certainly answer 'no' in the face of a superior court judgment against them for more than the arbitrator awarded." Cormar, Ltd. v. Sauro, 60 Wn. App. 622, 623, 806 P.2d 253, review denied, 117 Wn.2d 1004 (1991).

Here, the appealing party was Hicks. If asked whether his position improved after trial de novo, he would certainly answer "yes." If Hicks had accepted the offer of compromise, he would have had to pay the Gautams $32,000. By appealing and going through a trial de novo, he reduced his liability to $30,000. Because Hicks improved his position relative to the offer of compromise, there was no basis for an award of attorney fees and costs under RCW 7.06.060.

6

The award of attorney fees and costs is reversed.

Becker, J.

WE CONCUR:

Leach, C.J.

Cox, J.