[Nos. 27154-7-I; 27220-9-I;   Division One.   August 3, 1992.]
27612-3-I.

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT C. ANDREWS, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. JOHN CALVIN ROGERS, JR., *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. NORMAN GOTCHER, JR., *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Gregory Jackson, Deputy,* for respondent.

AGID, J. — Each of the defendants in these three consolidated cases appeals his conviction on the ground that his right to a speedy trial under CrR 3.3 was violated because, although the case was called and the trial court heard and decided a preliminary motion prior to the expiration of the speedy trial period, the court was not able to proceed with the remainder of the trial before the speedy trial period had elapsed.

## I
### FACTS
### State v. Andrews

Robert C. Andrews was charged with three counts of first degree theft on August 9, 1989.[1] He was arraigned on Sep-

---

[1] The information was later amended. Andrews was convicted of three counts of first degree theft and one count of second degree theft as charged under the amended information.

tember 25, 1989. After several delays, one because of Andrews' own failure to appear for a pretrial hearing, the speedy trial expiration date was set for Thursday, July 19, 1990. On that date at approximately 2:15 p.m., the case was assigned for trial to Judge Bever, who was presiding over a civil trial in its final stages. At 4 p.m., the parties appeared on the record, indicated that they were ready to proceed with pretrial motions, and the State made a motion to exclude witnesses. Judge Bever explained that he would be in a position to begin hearing further motions at approximately 11 a.m. the following morning, which was a Friday, after jury instructions had been read and final arguments heard in the case he was concluding. No objection was made to this arrangement at that point.

The civil trial was concluded at 11:15 a.m. the following morning, at which point the trial judge explained that he would be unable to continue as planned with Andrews' trial that day because of a dental emergency.[2] At that time, defense counsel indicated that he had that morning filed a motion to dismiss because trial had not started within the speedy trial period provided for in CrR 3.3. He based the motion on the assignment of the case to a court that could not begin hearing it immediately because another trial was still underway. The motion to dismiss was not related to the dental emergency. Judge Bever referred the case back to the presiding court and informed counsel that the motion to dismiss would be addressed either by the presiding or the substitute judge. The criminal presiding judge denied the motion to dismiss later that day.

On the following Monday, July 23, the case was reassigned to Judge Dixon for trial, at which time defense counsel renewed the motion to dismiss. The court declined to reconsider the motion because another judge had previously ruled on it. See King County Local Rule 7(b)(1)(A). Defense counsel thereupon moved to dismiss on the additional ground that, after Judge Bever's dental emergency on

---

[2]Scheduling difficulties the following week prevented the court from simply recessing until the following Monday.

July 20, the case had not been reassigned on the same day. Judge Dixon denied that motion on the ground that the dental emergency had legitimately precluded the judge who had been assigned to the case from continuing with it. Because July 20 was a Friday, Judge Dixon also granted a retroactive 1-day continuance.[3] Andrews appeals the denial of both his motions to dismiss.

## State v. Gotcher

Norman Gotcher was charged with one count of burglary in violation of RCW 9A.52.025 on July 26, 1990. Gotcher was in custody on another charge at the time he was charged in the burglary case and remained in custody throughout the pretrial proceedings. After two continuances of Gotcher's omnibus hearing granted at defense counsel's request, an order was entered on September 19 setting the trial date for October 25. Gotcher then waived his right to a speedy trial through October 31. The case was called on October 31, and an order was entered extending the expiration date for 1 day to November 1 because both the prosecutor and defense counsel were ill. The case was continued again on November 1 and 2 because of the prosecutor's continuing illness. On November 6, 8, 13, and 15 the case was continued because, although the prosecutor was no longer ill, he was in trial on another case.[4]

On Friday, November 16, at approximately 10:30 a.m., the case was assigned to Judge Haley's courtroom, where a civil trial was in its final stages. Defense counsel indicated that, although another attorney would actually be trying the case, the defense was ready to proceed. The court asked if there were any motions, and the State moved to exclude witnesses from the courtroom during trial. Counsel then discussed several other preliminary details with the court. The court was available to proceed that afternoon after completing the civil case before it, but both the prosecutor and

---

[3]The appellant's brief incorrectly refers to the continuance granted by Judge Dixon as a retroactive 5-day continuance.

[4]Gotcher's appeal is not based on any of these continuances.

defense counsel indicated that there were problems with their availability.[5] The court therefore stated that the case would be in recess until the following Monday, November 19. Defense counsel then moved to dismiss based on a violation of the defendant's right to a speedy trial under CrR 3.3. That motion was denied. Trial resumed on November 19, at the conclusion of which the defendant was found guilty as charged.

### State v. Rogers

John Calvin Rogers was charged with possession of cocaine in violation of RCW 69.50.401(d) on February 27, 1990. Rogers was arraigned on March 7, after the information was amended to add a second count charging him with delivery of cocaine on a separate occasion. Rogers waived his right to appear for an omnibus hearing until April 13, on which date trial was set for July 12. Rogers waived his right to a speedy trial through July 19.

The case was assigned to Judge Schapira on July 19 at approximately 4 p.m. Although no court reporter was present, the clerk was in the courtroom and the trial judge indicated that she was available to hear preliminary motions. The only record of the July 19 proceeding is a minute entry which indicates that defense counsel moved to exclude witnesses and that the trial court granted the motion.[6] Judge Schapira also explained that she was available to hear further preliminary matters the following afternoon, but that it would be necessary to recess the remainder of the trial until approximately July 25 because the trial still underway in her court was likely to last until then. Defense counsel indicated that she would be unavail-

---

[5]The prosecutor was unavailable because a special mobilization call was issued for the United States Marine Corps Reserve of which he was a member. Defense counsel stated that he believed that the attorney who would actually be defending at trial had some sentencings already scheduled that afternoon. While he himself was available, he had assumed the trial was not going forward that afternoon, presumably because the criminal departments routinely recess trials to do sentencings at 1 p.m. on Fridays.

[6]Rogers subsequently claimed not to have made the motion to exclude witnesses.

able the following afternoon. Although there was no minute entry reflecting it, Judge Schapira later determined that defense counsel had moved on July 19 to dismiss the information based on a violation of the defendant's right to a speedy trial and that the judge had indicated that the motion should be renewed when trial was reconvened.

On July 20 at approximately 10 a.m., the trial court informed the parties that the other case was ending in a plea and that she was therefore available to continue with preliminary motions that morning. Defense counsel requested, however, that the court recess until July 23 to accommodate her schedule, which request was granted. Trial reconvened on July 23 at 9:10 a.m. Defense counsel then renewed the motion to dismiss. She argued that, because there was no court reporter present on July 19 and because another trial was being heard before the same court, the court was not available for trial. Rogers had thus not been brought to trial within the period provided for in CrR 3.3(c)(1). The motion was denied, and Rogers was subsequently convicted of delivery of cocaine and acquitted of the possession charge.

## II
### ANALYSIS

Each of these cases raises the question of whether a defendant's right to a speedy trial under CrR 3.3 is violated when, although the court heard and decided a preliminary motion, it was not actually ready to proceed immediately to trial before the CrR 3.3 speedy trial period elapsed. CrR 3.3(c)(1) provides in pertinent part:

> A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment.

■ While CrR 3.3 defines a judicially granted procedural right to a speedy trial, it does not define the limits of the constitutional speedy trial right. *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989); *State v. Mack*, 89 Wn.2d 788,

793, 576 P.2d 44 (1978). The rules are designed to protect, not guarantee, this constitutional right. *Seattle v. Crockett*, 87 Wn.2d 253, 257-58, 551 P.2d 740 (1976). Significantly, none of these appellants contends that his constitutional right to a speedy trial was violated.

■ Unless the defendant will be substantially prejudiced in his or her defense, CrR 3.3(d)(8) permits an extension of the speedy trial period of up to 5 days exclusive of Saturdays, Sundays or holidays when a trial is not begun on the last date of the speedy trial period due to unavoidable or unforeseen circumstances beyond the control of the court or the parties. A trial court's grant of a continuance under CrR 3.3(d)(8) is reviewable only for a manifest abuse of its discretion. *State v. Campbell*, 103 Wn.2d 1, 14, 691 P.2d 929 (1984), *cert. denied*, 471 U.S. 1094 (1985). A trial court abuses its discretion if its decision is based on untenable grounds or is made for untenable reasons. *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 77, 684 P.2d 692 (1984).

Each of these appellants raises as a central issue the argument that a preliminary motion to exclude witnesses is merely a pro forma, perfunctory motion insufficient to toll the running of the speedy trial period provided for in CrR 3.3. As a general matter, commencement of a trial satisfies the purpose of a rule to secure a speedy trial. *State v. Mathews*, 38 Wn. App. 180, 183, 685 P.2d 605, *review denied*, 102 Wn.2d 1016 (1984). The hearing and disposition of preliminary motions by the trial judge after a case is assigned or called for trial is considered a customary and practical phase of the trial. *Mathews*, 38 Wn. App. at 183. While the appellants argue that *Mathews* should be narrowly construed to include only certain kinds of pretrial motions, this court has previously rejected the notion that there is any basis for such a narrow construction of *Mathews*. *State v. Redd*, 51 Wn. App. 597, 608, 754 P.2d 1041, *review denied*, 111 Wn.2d 1008 (1988).

■ *Mathews* and *Redd* establish that nothing more need be done to comply with CrR 3.3 than that the case be called and the court entertain a preliminary motion. A motion to

exclude witnesses under ER 615 is precisely such a motion. There is no policy reason under the facts of these cases for departing from the rule established in *Mathews* and *Redd*. The criminal rules are to be construed "to secure simplicity in procedure, fairness in administration, effective justice, and the elimination of unjustified expense and delay." CrR 1.2. To limit the rule of *Mathews* and *Redd* to certain kinds of motions will put the trial and appellate courts in the position of having to decide what kinds of motions are "substantive" or "important" and which are "pro forma". This will only complicate the application of the rule and make it more difficult to administer in a fair and consistent manner. In the absence of any prejudice to the defendant or a violation of his constitutional right to a speedy trial, there is no reason to draw such a distinction.

Had the State taken advantage of the rule to justify an undue delay of the remainder of the trial, a different case might be presented. In none of these cases, however, was it the design of the State that resulted in the trial not proceeding immediately after the first preliminary motion. Indeed, in the cases of both Gotcher and Rogers, the delay appealed from was based at least in part on the unavailability or request of defense counsel. In all three cases, however, the primary cause of the delay was a lack of resources available in the trial courts which makes it necessary for trial judges and counsel in criminal cases to attend to more than one matter at a time.[7] Docket congestion alone does not constitute good cause for delaying a criminal case. *Mack*, 89 Wn.2d at 794 (cases set initially for a date after expiration of speedy trial period); *State v. Kokot*, 42 Wn. App. 733, 737, 713 P.2d 1121 (27-day continuance granted because no courtrooms available for 2 weeks after expiration date), *review denied*, 105 Wn.2d 1023 (1986). However, these cases were assigned to a courtroom before expiration of the speedy trial date, and the reason for the subsequent

---

[7]The unavailability of defense counsel in the cases of both Gotcher and Rogers itself illustrates the burden the lack of resources places on everyone concerned, including judges, prosecutors and defense counsel.

delay was not simply the general unavailability of a courtroom unsupported by specific facts. Rather, the courts double set their calendars and were prepared to proceed as soon as they completed the case previously assigned to them. *See Mack*, 89 Wn.2d at 791 (double setting calendar suggested as a solution to docket congestion).

The nature of the trial process is such that trial courts must be allowed to retain some degree of flexibility and discretion in managing the cases assigned to them. As illustrated by the unexpected guilty plea in the case being heard by Judge Schapira at the time Rogers' case was assigned to her, it is impossible to predict precisely how long a trial will take, if a matter will settle and, if so, when. In both the state and federal judicial systems, it is customary for a trial judge to handle more than one case at a time. Neither system could function, especially when cases are pre-assigned to a judge, if the trial court had no ability to manage cases and set priorities, so long as its procedures do not prejudice or interfere with a constitutional right of a party. The right to a trial does not mean that the defendant has a right to all the court's time every day for as many consecutive days as it takes to complete the trial. We hold, therefore, that in the absence of any showing of prejudice or undue delay in proceeding with the trial after it is assigned to a judge, a preliminary motion such as a motion to exclude witnesses is sufficient to toll the running of the speedy trial period provided for in CrR 3.3.

■ Rogers argues that his speedy trial right was violated because a court reporter was not present when the initial motion was heard. We must reject this argument because the presence of a court reporter is not mandated by any constitutional, statutory, or court rule provision as a prerequisite to starting trial. *See State v. Wilcox*, 20 Wn. App. 617, 619, 581 P.2d 596 (1978).

■ Andrews' argument that the trial court erred in granting a retroactive 1-day continuance is also without merit. Judge Bever's dental emergency is an example of an unavoidable or unforeseen circumstance that falls squarely

within the purview of CrR 3.3(d)(8). *E.g.*, *State v. Greene*, 49 Wn. App. 49, 55-56, 742 P.2d 152 (1987) (1-day illness of deputy prosecutor); *State v. Stock*, 44 Wn. App. 467, 473, 722 P.2d 1330 (1986) (specific unforeseen scheduling difficulty). Although the 1-day continuance was not formally granted until the following working day, the retroactive nature of the continuance granted here does not present a problem because CrR 3.3(d)(8) permits a court to grant a continuance of up to 5 days even if the speedy trial period has expired. *State v. Raper*, 47 Wn. App. 530, 535, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987). The delay itself was minimal and unforeseen, precisely the kind of delay contemplated by CrR 3.3(d)(8). Andrews does not demonstrate, nor does an independent review of the record reveal, in what manner, if any, he was prejudiced by the delay. *State v. Brown*, 40 Wn. App. 91, 95, 697 P.2d 583, *review denied*, 103 Wn.2d 1041 (1985). Absent a showing of prejudice, the trial court did not abuse its discretion in granting a continuance under CrR 3.3(d)(8).

Affirmed.

GROSSE, C.J., and KENNEDY, J., concur.

Review denied at 120 Wn.2d 1022 (1993).