FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 APR 22 AM 8: 16

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68041-2-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | |
| TONY REM, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: April 22, 2013 |

BECKER, J. — Tony Rem contends his convictions should be dismissed because his trial did not commence within the speedy trial time period allowed by CrR 3.3. A trial judge decided several pretrial motions within the time required but then recessed, with trial resuming before another judge five months later. Rem contends the recess was merely an effort by the State to avoid the requirements of the rule. But Rem did not object to any of several recesses, and the record shows accommodations for both sides' scheduling conflicts. We affirm because Rem failed to preserve an objection under CrR 3.3 and does not raise a manifest error affecting a constitutional right.

Early on the morning of June 17, 2010, Karla Diocales called 911 to report that her boyfriend, Tony Rem, had beaten her and taken off with her car. On June 23, 2010, the State charged Rem with assault in the second degree –

domestic violence and unlawful possession of a firearm. After his arrest, Rem made calls to Diocales from jail in violation of a no-contact order. The State later amended the information to add charges for theft of a motor vehicle, tampering with a witness, and domestic violence misdemeanor violations of a court order.

Trial was scheduled to begin on September 1, 2010, before Superior Court Judge Jean Rietschel. At that time, the trial court noted the expiration date of Rem's original speedy trial period as September 4, 2010.[1]

The record shows extensive discussion between the parties and Judge Rietschel on September 1 about scheduling issues. The prosecutor estimated that presenting the State's case against Rem would take three to four days. The prosecutor expected to begin a murder trial on September 14 but thought there might be enough time to complete Rem's trial by then. Defense counsel said he was not available at all on September 8.

Judge Rietschel accepted the suggestion that the court move forward with the pretrial issues "and then see where we are in terms of timeliness and then make the call as to whether we could finish the trial in the amount of time we have available."

Judge Rietschel heard and decided several pretrial motions on September 1 and 2. On September 2, the trial was recessed by agreed order "until October 4, 2010," or until the prosecutor finished her murder trial.

The supplemental clerk's papers reveal a series of extensions of trial from October 4, 2010, until January 27, 2011 for various reasons, including

---

[1] On appeal, the State asserts the actual expiration date was September 7, 2010. The difference does not impact the analysis of the issue in this case.

unavailability of counsel because of other trials, witness unavailability, medical leave, and vacation of counsel. During the pendency of the trial, Rem was also being held on pending robbery charges in an unrelated matter.

The parties convened for trial before Superior Court Judge Joan DuBuque on January 27, 2011. Defense counsel made an objection to proceeding before Judge DuBuque rather than Judge Rietschel "because we had commenced trial with Judge Rietschel." Pressed by the court for legal authority as to why the trial had to continue with Judge Rietschel, who was at this time unavailable, defense counsel had none to offer. "I don't have any objection to Your Honor taking the case except for the fact that it's been several months that we have been in a state of recess." The court elected to continue with the trial. Rem made no further reference to any objection to proceeding before Judge Dubuque. Rem made no objection based on speedy trial or CrR 3.3.

On February 9, 2011, the jury convicted Rem of assault, witness tampering, and the no-contact order violations. The jury acquitted him of unlawful possession of a firearm and theft of a motor vehicle.

On appeal, Rem argues his trial did not actually start on September 1, 2010, when Judge Rietschel ruled on the pretrial motions, but rather started on January 27, 2011, beyond the time limits of CrR 3.3. According to Rem, because the prosecutor had an upcoming murder trial and would not have time for Rem's trial, "the State urged the court to engage in the charade of beginning trial in September, only to indefinitely recess the matter."

"As a general matter, commencement of a trial satisfies the purpose of a rule to secure a speedy trial." State v. Andrews, 66 Wn. App. 804, 810, 832 P.2d 1373 (1992), review denied, 120 Wn.2d 1022 (1993). "The hearing and disposition of preliminary motions by the trial judge after a case is assigned or called for trial is considered a customary and practical phase of the trial." Andrews, 66 Wn. App. at 810. Andrews involved three consolidated cases wherein trial judges heard and decided preliminary motions within the speedy trial period, but the court was not ready to proceed with the remainder of the trials before that period had elapsed. Defendants argued that calling a case and entertaining a preliminary motion should not be enough to toll the running of the speedy trial period provided by rule. This court disagreed but stated, "Had the State taken advantage of the rule to justify an undue delay of the remainder of the trial, a different case might be presented. In none of these cases, however, was it the design of the State that resulted in the trial not proceeding immediately after the first preliminary motion." Andrews, 66 Wn. App. at 811. Rem contends that in his case, it was the design of the State to get the trial started, and then indefinitely recessed, in order to avoid the requirements of CrR 3.3.

Review of this issue is barred by RAP 2.5(a). The issue is not constitutional, and Rem's objection did not preserve an issue under CrR 3.3. In any event, the record does not support the argument. The extensions were necessitated by scheduling issues on both sides. Rem fails to show that any of the reasons for these extensions were the result of intentional manipulation by the State or were otherwise legally inappropriate.

68041-2-I/5

Affirmed.

WE CONCUR:

Becker, J.

_____, J.

_____, J.

5