IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Petitioner/Appellant,<br><br>v.<br><br>DAVID BRUCE COE,<br><br>          Respondent. | No. 77669-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: June 10, 2019 |

CHUN, J. — A jury convicted David Coe of driving under the influence. On RALJ appeal, the superior court reversed and dismissed Coe's conviction based on a nonconstitutional violation of his speedy trial rights. For the reasons discussed below, we reverse the superior court and reinstate Coe's conviction.

BACKGROUND

On November 25, 2015, the State charged Coe with driving under the influence (DUI) in King County District Court. Coe was arraigned the same day. The court set bail and took Coe into custody. At a pretrial review hearing on December 7, 2015, the trial court set the case for trial to begin on January 4, 2016. Coe did not note any pretrial CrRLJ 3.6 motions. The parties agreed to address the State's CrRLJ 3.5 motion on the day of trial.

At an administrative hearing on December 23, 2015, the court determined that Coe's 60-day speedy trial period was set to expire on January 25, 2016.[1] The parties also discussed ongoing discovery and scheduling matters. The court ruled that although the State was not ready, the trial would remain set for January 4, 2016.

The parties appeared for trial on January 4, 2016. Counsel for Coe, Justin Wolfe, announced that he was ready to proceed. Coe's counsel also notified the court that he might not be able to complete trial due to an upcoming job transfer. The court reconfirmed January 25, 2016 as the speedy trial expiration date. The court then asked defense counsel whether he had received all requested discovery. Defense counsel asserted that he was missing two items of requested discovery, including the audio of a 911 call and the audio of a warrant call. Defense counsel also stated that he was bringing a motion to suppress evidence or to dismiss the case.

The court stated that a motions hearing could be held on January 14, 2016, but defense counsel was not available on that day. The State asked the court whether it was continuing the case, and if so, why. The court expressed concern that the case had not been assigned to a courtroom that could have heard motions prior to trial. The State pointed out that the only motion noted was under CrRLJ 3.5 and asked to proceed on that matter or, in the alternative, to continue the matter until the motions hearing. The State also asserted that

---

[1] The 60-day period expired on January 24, 2016. Because this date fell on a Sunday, the court ruled that speedy trial would expire on the next court day.

defense counsel's trial brief raised several issues "that are actually pretrial motions that would need to be heard and potentially even require testimony." The court responded "[t]hat's why I'm going to do a motion [hearing]." The State again asked the court's reasoning for continuing the case. The court responded:

Because, no fault of the defense.

...

And for some reason, it got put on some track that didn't address the motion. Okay. So it got set for today. I know I don't dismiss anything until comes speedy and people start getting substantially prejudiced, I guess. We don't know that yet. This is my trial week. This is my trial week. I have a trial ready to go. So that's why no, we put it on a motion so that I can hear these motions.

...

Another reason why I do it until January 14th is because, then, State, you're on full notice on all this stuff, so when it comes to the 14th, you can't say, well, I didn't know, and you've had two weeks until January 14th, approximately, to go get whatever you're going to get and bring whatever person you need to bring for those motions.

The State expressed concern that defense counsel had not brought his motion to suppress earlier. Defense counsel responded that he had not filed his motion prior to trial because he had not yet received all the evidence when the case was set at the December 7, 2015 pretrial hearing. After reviewing the outstanding issues with the parties, the court reiterated that "[i]t was more an administration of the case that created us having to do a motions calendar" and that neither party was to blame. The State argued that Coe's motions should be waived because he failed to note them on the pretrial calendar, or in the alternative, to continue the case to the new hearing date so both parties could prepare. The court ruled that Coe could bring the motions because the fault lay with the administration of the case rather than with defense counsel.

3

Discussion then turned to the nature and substance of the motions. Defense counsel asserted that all were motions in limine with the exception of the CrRLJ 8.3(b) motion to dismiss. The State disagreed on the ground that all of the motions would require testimony. The court spontaneously ruled that trial had commenced "because we started motions in limine." The parties agreed that trial had commenced and that speedy trial was a "non-issue." The court proceeded to set a date for the motions hearing. The two earliest options were January 14 or February 26, 2016. Defense counsel requested the soonest possible date. The court reasoned that February 26 was more realistic in light of the parties' caseloads and the complexity of the issues. The court also noted that the later date would provide "ample time and opportunity in case there's a substitution of counsel." After defense counsel indicated that he was unable to articulate prejudice stemming from the later date, the court set the motion hearing for February 26.

> The State then asked the court to rule on one motion in limine:
> And before we continue, if we could just belt and suspenders, on appeal, this case.
>
> ...
>
> So I want to make sure that when we have commenced the trial, that we are doing that appropriately. Is the Court willing to rule on just one motion in limine so that we can make sure that when an appellate court looks at this, that we won't have erroneously continued this trial after commencing speedy – or after commencing the trial?
>
> ...
>
> Can we just rule on one of them, such as exclusion of witnesses?

After defense counsel indicated that he had no problem with the State's request, the Court granted the parties' joint motion to exclude witnesses. The court then recessed until February 26, 2016.

At a scheduled status hearing on January 14, 2016, defense counsel indicated that another attorney from his office would be taking over Coe's representation. The parties agreed to move the motions date to February 25, 2016 and to start trial testimony on March 7, 2016.

On February 25, 2016, Coe's counsel announced that he and his office were moving to withdraw due to an irreconcilable conflict of interest. Coe's new counsel, Dua Abudiab, objected to any continuances and asked the court for the soonest possible motions hearing.

The parties appeared for motions on March 22, 2016. Counsel for Coe filed a motion to dismiss for ineffective assistance of counsel and violation of speedy trial rights under CrRLJ 3.3. The court initially denied the motion without comment. The court then proceeded to rule on defense counsel's other motions without hearing testimony. The State then requested time to file a brief on defense counsel's motion to dismiss "[j]ust to make sure there's something on the record." The court set a motion hearing for April 5, 2016 and trial for April 18, 2018.

The case proceeded to trial on April 18, 2016. The jury found Coe guilty of DUI. Coe sought review in superior court. The RALJ court reversed and dismissed Coe's conviction on the following grounds:

The delay in this case (3 months) was undue though not attributable to any actions by the Prosecutor's Office. Pursuant to State v. Andrews, [66 Wn. App. 804, 832 P.2d 1373 (1992)], the court finds that Respondent's speedy trial right was violated.

CP 1109.

This court subsequently granted the State's motion for discretionary review.

## ANALYSIS

The State argues the superior court erred in dismissing Coe's conviction based on violation of his CrRLJ 3.3 speedy trial rights.[2] "RALJ 9.1 governed the superior court's review of the district court's decision, and governs this court's review as well." State v. Frank, 112 Wn. App. 515, 520, 49 P.3d 954 (2002). We review the district court's decision for errors of law and the findings of fact for substantial evidence. Frank, 112 Wn. App. at 520 (citing RALJ 9.1(a), (b)).

CrRLJ 3.3 governs the time for trial in criminal cases in courts of limited jurisdiction. A defendant detained in jail must be brought to trial within 60 days of arraignment. CrRLJ 3.3(b)(1)(i). When the time for trial rule is violated, the remedy is dismissal with prejudice. CrRLJ 3.3(h).

Because Coe was in custody following his November 25, 2015 arrest and arraignment, the State had 60 days to commence trial. CrRLJ 3.3(b)(2)(i). Under this rule, Coe's speedy trial expiration date was January 25, 2016. The State argues that trial properly commenced on January 4, 2016–well within the

---

[2] The parties agree that the constitutional right to a speedy trial is not at issue here.

60-day window—when the court addressed the parties' motion to exclude witnesses. We agree.

A defendant is "brought to trial" for purposes of CrR 3.3 when the judge calls the case and hears preliminary motions. State v. Carson, 128 Wn.2d 805, 820, 912 P.2d 1016 (1996). In Andrews, the trial court heard and decided preliminary motions within the CrR 3.3 speedy trial period but was not ready to immediately proceed to the remainder of the trial before that period elapsed. 66 Wn. App. at 809. Defendants argued that calling the case and entertaining a preliminary motion to exclude witnesses is merely pro forma and therefore insufficient to toll the running of the speedy trial period. This court disagreed and held that "nothing more need be done to comply with CrR 3.3 than that the case be called and the court entertain a preliminary motion." Andrews, 66 Wn. App. at 810. The court acknowledged, however, that,

> Had the State taken advantage of the rule to justify an undue delay of the remainder of the trial, a different case might be presented. In none of these cases, however, was it the design of the State that resulted in the trial not proceeding immediately after the first preliminary motion.

Andrews, 66 Wn. App. at 811.

It is clear that Coe's trial commenced on January 4, 2016 when the trial court granted the parties' motion to exclude witnesses. Coe nevertheless argues that the trial court violated his CrRLJ 3.3 speedy trial rights because the length in time between the commencement of Coe's trial and its completion constituted an "undue delay" pursuant to Andrews. We do not find Coe's arguments persuasive.

7

Coe first argues that the trial court ruled on the boilerplate motion to exclude witnesses not to begin the trial in any substantive way, but rather to justify a delay in the trial. But the Andrews court expressly rejected this argument:

> [Limiting the rule] to certain kinds of motions will put the trial and appellate courts in the position of having to decide what kinds of motions are "substantive" or "important" and which are "pro forma." This will only complicate the application of the rule and make it more difficult to administer in a fair and consistent manner. In the absence of any prejudice to the defendant or a violation of [their] constitutional right to a speedy trial, there is no reason to draw such a distinction.

66 Wn. App. at 811. We reject Coe's narrow construction of Andrews, and decline to consider whether the motion was sufficiently substantive to apply the rule.

Coe next contends that there were no unforeseen circumstances to justify the delay. He asserts that both parties were ready for trial on January 4, 2016, and the subsequent delay resulted entirely from the judge's unfounded desire to have motions heard on a separate calendar.

The record does not support Coe's argument. When the January 4 hearing commenced, issues immediately arose regarding missing discovery and defense counsel's motions. Most notably, the parties disagreed as to whether defense counsel's motions were motions in limine that could be heard immediately, or whether the State should be given an opportunity to respond and offer testimony. The trial court acknowledged that the need to set a motions calendar ultimately resulted from court scheduling issues and was not the fault of the State or defense counsel. The court denied the State's request to waive

8

Coe's motions as untimely, but indicated that it would recess the trial so as to provide the State an opportunity to respond. We conclude that the court's decision to address these matters by ruling on the parties' motion to exclude witnesses and recessing the trial to a later date to hear the remaining motions, with the consent of both parties, was justified under the circumstances. As the Andrews court explained,

> The nature of the trial process is such that trial courts must be allowed to retain some degree of flexibility and discretion in managing the cases assigned to them. . . . Neither [the state nor federal] system could function, especially when cases are preassigned to a judge, if the trial court had no ability to manage cases and set priorities, so long as its procedures do not prejudice or interfere with a constitutional right of a party. The right to a trial does not mean that the defendant has a right to all the court's time every day for as many consecutive days as it takes to complete the trial.

66 Wn. App. at 812.

Here, Coe's constitutional rights are not at stake, and he has not articulated prejudice arising from the delay. Nor was the delay attributable to the State.

We also agree with the State that completion of Coe's trial was delayed for legitimate reasons. Most notably, on February 25, 2016, defense counsel withdrew due to an irreconcilable conflict of interest. Under CrRLJ 3.3(c)(2)(vii), disqualification of counsel triggers a new commencement date, starting on the date of disqualification. And on March 22, 2016, Coe's new counsel brought a motion to dismiss for ineffective assistance of counsel without first providing it to the State. The trial court acknowledged that the State needed time to respond to the motion with briefing. Coe argues that these events are immaterial because

9

they all occurred after speedy trial expired on January 25, 2016 without any party requesting a continuance. However, as discussed above, trial commenced on January 4, 2016, thereby eliminating the speedy trial issue and rendering a continuance unnecessary.

In sum, we reverse the superior court order granting Coe's motion to dismiss his case for violation of CrRLJ 3.3 speedy trial rights, and remand to the superior court for further proceedings consistent with this opinion.

Reversed.

Chun, J.

WE CONCUR: